Scott **MILLER**, Plaintiff—Appellee,

v.

**CLARK COUNTY SCHOOL DIS-
TRICT; et al., Defendants—
Appellants.**

No. 04–16586.

D.C. No. CV–02–01641–JCM.

United States Court of Appeals,
Ninth Circuit.

Submitted May 16, 2006.*

Decided May 18, 2006.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Richard Segerblom, Las Vegas, NV, for Plaintiff–Appellee.

Fed. R.App. P. 34(a)(2).

**674**

Jon M. Okazaki, Office of the General Counsel Clark, Las Vegas, NV, for Defendant–Appellant.

C.W. Hoffman, Office of the General Counsel, Las Vegas, NV.

Before RYMER and WARDLAW, Circuit Judges, and SELNA,** District Judge.

## MEMORANDUM***

Elizabeth Fraser, Edward Goldman and William Hoffman appeal the district court's order denying their motion to dismiss Scott Miller's § 1983 action on the basis of qualified immunity. We affirm.

■ Goldman and Hoffman first argue that Miller's first amended complaint fails to allege action on their part in violation of his First Amendment rights. Assuming this bears on qualified immunity, it is not so; ¶ IX, incorporated by reference into the remaining causes of action, avers that Goldman and Hoffman supervised and coordinated the process by which Miller was terminated;[1] ¶ XIV alleges that Miller's in-class speech was a substantial factor in Goldman and Hoffman's decision to suspend and discharge him; and ¶ XXI states that Goldman and Hoffman assisted in Fraser's efforts to retaliate against Miller on account of pursuing formation of a TAC committee.

■ Fraser, Goldman and Hoffman contend that qualified immunity should be conferred because the *Pickering* balancing test is implicated. *Pickering v. Bd. of Educ. of Township High Sch. Dist. 205*, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968). To the extent they posit this is always so as a matter of law, the argument fails for lack of authority. To the extent the point turns on the facts in this case, we agree with the district court that one cannot tell simply by looking at the allegations of the complaint whether *Pickering* applies or whether the administrators are (or are not) entitled to qualified immunity. Both in the district court and here Fraser, Goldman and Hoffman focus on their view that Miller was disciplined for his unwillingness to discuss, except upon his own terms, the complaints received about statements he made in class—not for the statements themselves. We understand that exhibits which can be read this way are attached to the complaint, but it is not possible to say on the pleadings alone that the evidence may *only* be read this way.

Beyond this, whether the school district would be violating the Establishment Clause by allowing Miller's conduct to go undisciplined, or whether Miller's First Amendment claims based on union activity are viable on the merits, are questions beyond the scope of this interlocutory appeal. These issues are, in any event, presented on a record and on argument that is undeveloped and cannot be meaningfully reviewed.

AFFIRMED.

---

** The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Miller concedes that his complaint alleges no First Amendment violations by Goldman and Hoffman with respect to the third cause of action.